**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN LOZANO,

    Defendant - Appellant.

No. 19-2053
(D.C. No. 2:16-CR-04651-KG-2)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MORITZ**, and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Juan Lozano's plea agreement. Exercising jurisdiction under

28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

## BACKGROUND

Lozano pleaded guilty to possession with intent to distribute and conspiracy to

possess with intent to distribute 500 grams or more of a mixture or substance containing

methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846. Lozano was advised both in the written plea agreement and

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

orally at the change of plea hearing that his conviction carried a mandatory minimum sentence of 120 months in prison. As part of the plea agreement, Lozano waived his right to appeal his conviction and any sentence "at or under the maximum statutory penalty authorized by law.". Mot. to Enforce, Exh. 1 at 7. The plea agreement acknowledged that Lozano was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and appeal waiver.

At the change of plea hearing, the court reminded Lozano about the mandatory-minimum sentence and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty. Based on his responses to the court's questions and its observations of his demeanor during the hearing, the court accepted Lozano's plea as having been knowingly and voluntarily entered.

After two sentencing hearings, the court determined that Lozano was not eligible for a sentence below the mandatory-minimum and sentenced him to 120 months' imprisonment. Despite his appeal waiver, Lozano filed a notice of appeal and a docketing statement indicating that he intended to appeal his conviction on speedy trial grounds.

**DISCUSSION**

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Lozano's response to the government's motion to enforce indicates that he understands the "nature of the plea agreement, the mandatory minimum sentence imposed, and the scope of his appellate waiver contained in the plea agreement," and that he "does not object to the dismissal of this appeal." Resp. at 1. We construe this response as a concession that his waiver was knowing and voluntary, that his appeal falls within the scope of the waiver, and that enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factor).

## CONCLUSION

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam